IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § | |
| Plaintiff, | § § | |
| vs. | § § | |
| STAR EXPLORATION, INC., JAMES T. GURGAINERS, | § § § | Civil Action No.: 3-08CV2248-O |
| Defendants, | § § | |
| and | § § | |
| STAR GEORGETOWN 1 JOINT VENTURE, STAR MINERAL ROYALTY 1-A, LP, STAR MINERAL ROYALTY 1-B, LP, STAR DISCOVERY, LP, STAR HAMILTON 2 JOINT VENTURE, LAGNIAPPE OIL & GAS LEASES, LLC, STAR EXPLORATION LEASING, LLC, DISCOVERY DRILLING, LLC, DISCOVERY RIGS, LLC, TERRA FERMA OPERATING, LLC, STAR FINANCIAL INTERNATIONAL, LLP, 1 AP.COM, INC., | § § § § § § § § § § § § § | |
| Relief Defendants. | § | |

**FINAL JUDGMENT
AGAINST JAMES T. GURGAINERS**

Plaintiff Securities and Exchange Commission, having filed a Complaint against James T. Gurgainers, "Defendant," and Defendant having waived service of process and entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without

admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law;

**IT IS HEREBY ORDERED:**

## I.

Defendant, his agents, servants, employees, attorneys, and all other persons in active concert or participation with him, who receive actual notice of this order, by personal service or otherwise, and each of them, be and hereby are permanently restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. §§77e(a) and 77e(c)]:

(a) by making use of any means or instruments of transportation or communication in interstate commerce or of the mails, to sell a security through the use or medium of a prospectus or otherwise; or

(b) by carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, a security for the purpose of sale or for delivery after sale unless a registration statement is in effect as to the security; or to make use of any means or instruments of transportation or communication in interstate commerce of the mails to offer to sell or offer to buy through the use or medium of a prospectus or otherwise a security;

Unless a registration statement has been filed as to the security; or while the registration statement is the subject of a refusal order, stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act.

## II.

Defendant, his agents, servants, employees, attorneys, and all other persons in active concert or participation with him, who receive actual notice of this order, by personal service or otherwise, and each of them, be and hereby are restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. §77q(a)], directly or indirectly, in the offer or sale of a security, by making use of any means or instruments of transportation or communication in interstate commerce or by use of the mails:

(a)   to employ any device, scheme or artifice to defraud;

(b)   to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and/or

(c)   to engage in any transaction, practice or course of business which operates or would operate as a fraud or deceit upon any purchaser.

## III.

Defendant, his agents, servants, employees, attorneys, and all other persons in active concert or participation with him, who receive actual notice of this order, by personal service or otherwise, and each of them, be and hereby are restrained and enjoined from violating Section 10(b) of the Exchange Act and Rule 10b-5 [15 U.S.C. §78j(b) and 17 C.F. R. §240.10b-5], directly or indirectly, in connection with the purchase or sale of a security, by making use of any means or instrumentality of interstate commerce, of the mails or of any facility of any national securities exchange:

(a)   to use or employ any manipulative or deceptive device or contrivance;

  (b)  to employ any device, scheme or artifice to defraud;

  (c)  to make any untrue statement of a material fact or omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and/or

  (d)  to engage in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person.

### IV.

Defendant is liable for disgorgement in the amount of $1,498,712. In light of the documentation that evidences that the Receiver has taken possession of Defendant's assets and liquidated them, Defendant is credited dollar for dollar by the $1,498,712 the Receiver appointed in this cause has recovered. Further, in light of the foregoing, the Court is not ordering the payment of prejudgment interest or imposing civil monetary penalties.

### V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of the Defendant is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

### VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: May 18, 2011.

_____
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**